UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CRESCENT SERVICES, INC.,

                                          Plaintiff,

                                                                                           <u>DECISION AND ORDER</u>

                                                                                            08-CV-6475L

                              v.

MICHIGAN VACUUM TRUCKS, INC.,
et al.,

                                          Defendants.
_____

**INTRODUCTION**

Plaintiff Crescent Services, Inc. ("Crescent") commenced this action against defendants Michigan Vacuum Trucks, Inc. ("Michigan Vacuum") and Shea's Outhouse Service, Inc. ("Shea's") pursuant to the Patent Laws of the United States 35 U.S.C. §100 et seq., seeking a money judgment against Michigan Vacuum for patent infringement. (Dkt. #1). Michigan Vacuum was duly served with process but has failed to appear or to answer the complaint. An initial Entry of Default was entered by the Clerk on April 29, 2009. (Dkt. #10). After correspondence to Michigan Vacuum from plaintiff's counsel was returned as undeliverable and an investigation revealed that personal service had been made upon Terrance Wickenheiser, Sr. instead of Michigan Vacuum officer Terrance Wickenheiser, Jr., plaintiff requested an extension of time to re-serve Michigan Vacuum with the complaint. That request was granted (Dkt. #13), and Michigan Vacuum was served by

court-ordered substituted service on July 31, 2009. (Dkt. #18, 19). On October 1, 2009, the Clerk of the Court entered a Second Entry of Default against Michigan Vacuum. (Dkt. #22).

Plaintiff now moves for a default judgment pursuant to Fed. R. Civ. P. 5(b)(2), seeking an order of compensatory and punitive damages, including prejudgement interest and attorneys fees, as well as injunctive relief, against Michigan Vacuum. (Dkt. #23). For the reasons set forth below, that motion is granted.

**FACTUAL ALLEGATIONS IN THE COMPLAINT**

According to the complaint, Robert P. Denome ("Denome"), the sole owner and President of Crescent, is the inventor of a "Low Profile Transportable Sewage Holding Tank" (the "Tank") and the patent-holder of the corresponding patent, U.S. Patent No. 6,598,242 (the "'242 patent"). In October 2008, Denome assigned the '242 patent to Crescent, which proceeded to manufacture and sell the Tank, along with related tank-mounting services, at an appreciable profit.

In June 2007, Denome personally observed that one of Crescent's competitors in the Rochester, New York area, Shea's, was using trucks with tanks very similar to the Tank protected by the '242 patent. Upon investigation, Crescent's counsel learned that Shea's had purchased the similar tank from Michigan Vacuum, and upon a physical inspection of the tank, determined that the tank manufactured by Michigan Vacuum was, in all relevant respects, a copy of Denome's patented Tank design which infringed on the '242 patent. Crescent contacted Michigan Vacuum and requested that Michigan Vacuum provide evidence that its tank did not infringe on the '242 patent. Despite multiple invitations by Crescent, Michigan Vacuum declined to respond.

The complaint alleges causes of action for patent infringement pursuant to 35 U.S.C. §284 et seq. The complaint requests compensatory and punitive damages, costs and attorneys fees, and an injunction prohibiting Michigan Vacuum from further infringement of the '242 patent.

## MOTION FOR DEFAULT JUDGMENT

In order to obtain a default judgment, a party must first secure the clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. *See* Fed. R. Civ. Proc. 55(a); *J&J Sports Prods. v. Bimber*, 2008 U.S. Dist. LEXIS 39174 at *2 (W.D.N.Y. 2008). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. *Id.*, 2008 U.S. Dist. LEXIS 39174 at *3-*4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

The Clerk has entered Michigan Vacuum's default and Crescent has shown that it is entitled to judgment against Michigan Vacuum, based on its failure to respond to the allegations asserted in the complaint. However, the Court cannot merely accept at face value that Crescent is entitled to the relief it seeks. Rather, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court. . . . Indeed, a defendant's default does not in itself warrant [entry of] a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." *Bianco v. Seaway Indus. Services, Inc.*, 2004 WL 912916, *1 (W.D.N.Y. Apr. 01, 2004) (internal citations and quotations omitted); *see also Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 95-96 (2d Cir.1993). The Court, therefore, must evaluate the merits of the underlying claim and the relief sought. *See Wagstaff-el v. Carlton Press Co.*, 913 F.2d

56, 57 (2d Cir.1990). Furthermore, the Second Circuit cautions that "defaults are generally disfavored and are reserved for rare occasions," and when there is doubt as to the propriety of default relief, "the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

I have reviewed the allegations in the complaint in detail. Accepting as true Crescent's allegations that Michigan Vacuum's allegedly offending tank is a copy of Crescent's Tank in all respects relevant to the claims of the '242 patent and therefore does infringe upon it, and upon review of the evidence submitted by Crescent in support of its claims, I am convinced that Crescent has established its claims of patent infringement, and is entitled to default judgment on that claim.

In assessing Crescent's damages claim, the Court notes that Crescent is entitled to an award of damages "adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. §284. The patent owner – here, Crescent – bears the burden to prove the amount of damages. *See Oiness v. Walgreen Co.*, 88 F.3d 1025, 1029 (Fed. Cir. 1996). "While the damages may not be determined by mere speculation or guess, it will be enough if the evidence show[s] the extent of the damages as a matter of just and reasonable inference, although the result be only approximate." *Rates Tech. Inc. v. Redfish Telemetrix, Inc.*, 2001 U.S. Dist. LEXIS 23246 at *10 (E.D.N.Y. 2001), *quoting Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983).

In order to demonstrate lost profits, the preferred method for assessing damages for patent infringement under 35 U.S.C. §284, Crescent must "establish the sales and profits lost as a result of

the infringement." *Rates Tech. Inc.*, 2001 U.S. Dist. LEXIS 23246 at *10-*11. The Federal Circuit has established a four-part test for proving lost profits, by which the patent holder must show: (1) that a demand for the patented product existed; (2) that there was an absence of acceptable non-infringing substitutes; (3) that the patentee possessed the marketing and manufacturing capabilities to meet the demand; and (4) the amount of lost profits due to the infringing activity, or the amount of profit the patentee would have made had the infringement not occurred. *See Fonar Corp. v. General Electric Co.*, 107 F.3d 1543, 1553 (Fed. Cir. 1997). Once the patentee has made that showing, the court infers that the lost profits claimed were attributable to the alleged infringement, and the burden shifts to the infringer to show that such an inference is not reasonable.

Based upon the allegations and evidence put forth by Crescent, I find that Crescent has satisfied the test. Because Crescent was actively, regularly and successfully engaged in marketing, manufacturing, and selling the patented Tank along with related installation services, clearly a market existed for the product, and Crescent was capable of meeting the demand. There is no evidence that other, non-infringing similar tanks existed to compete with Crescent in the relevant market. With respect to its alleged lost profits, Crescent offers the affidavit of patent holder Denome. (Dkt. #25). Denome estimates that Crescent's profits per patented Tank are between $3,000 and $6,000 (not including its profits from mounting services). Pursuant to marketing agreements, Crescent has also earned $3,500-$5,500 per Tank sole by its dealers. *Id*. As such, Crescent requests lost profits in the amount of $5,000, the amount it likely would have earned on the single, infringing tank that was personally observed by Denome.

35 U.S.C. §284 also provides for an award of treble damages, "up to three times the amount found or assessed," where the infringement was "willful." *See Comark Communications, Inc. v. Harris Corp.*, 156 F.3d 1182 (Fed Cir. 1998). Determination of willfulness is based upon a totality of the circumstances, and includes such factors as: "(1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when [it] knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that the patent was invalid or that it was not infringed; and (3) the infringer's behavior as a party to the litigation." *Bott v. Four Star Corp.*, 807 F.2d 1567, 1572 (Fed. Cir. 1986). *See also Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992) (considering additional circumstances, including the defendant's financial state, the closeness of the case, the duration of the misconduct, remedial action by the defendant, the defendant's motive, and whether defendant had attempted to conceal the infringement).

Upon examination of the relevant factors, I find that Michigan Vacuum's actions were deliberate, willful, and knowing. The fact that Crescent's Tank is patent-protected is listed on all of its marketing materials and advertisements for the Tank. Even if Michigan Vacuum had been unaware of the '242 patent when it set about to manufacture and sell copies of Crescent's Tank, Crescent's correspondence explicitly placed Michigan Vacuum on notice of the patent (see 35 U.S.C. §287(a)), and requested that Michigan Vacuum provide evidence that its own tank did not infringe, and/or to agree not to continue production and sale of the infringing tank. Notwithstanding Crescent's multiple attempts to secure such evidence and/or agreement from Michigan Vacuum, Michigan Vacuum refused to respond, and continued to market the infringing tank. There is no evidence that Michigan Vacuum ever undertook an investigation of the patent, or that its conduct

was based on a good-faith belief that the patent was invalid. Although Michigan Vacuum's financial ability to pay a treble damages award is unknown by virtue of its failure to appear in this action, I find that in light of the amount of damages requested – the approximate profit likely to be expected on a mere three tanks – it is reasonable to conclude that Michigan Vacuum will not be financially compromised by such an award.

In "exceptional" cases, such as where infringement was undertaken willfully and where a defendant fails to raise a defense, courts may also award attorneys fees. *See e.g.*, *McMeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1371 (Fed. Cir. 2003); *Avia Group International, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557 (Fed. Cir. 1988). As discussed above, I find that Michigan Vacuum's infringement was willful, knowing and deliberate. Furthermore, this is not simply a matter where a corporation unwittingly engaged in patent infringement, and was figuratively blind-sided by a lawsuit seeking to protect the patented invention. Prior to filing suit, Crescent's attorneys made repeated overtures to Michigan Vacuum, setting forth the factual basis for Crescent's claims in detail and seeking to resolve the matter without litigation. Michigan Vacuum repeatedly ignored Crescent's invitations to offer a defense, or to otherwise negotiate an amicable settlement prior to litigation. Now, it has ignored Crescent's attempts to press its claims in federal court. But for Michigan Vacuum's refusal to respond to Crescent's attempts to resolve the matter without litigation, it is likely that the need for significant attorney intervention, and the resulting fees, could have been avoided. Under the circumstances, I find that Crescent is entitled to an award of its reasonable attorneys fees. Those fees, as established by the time records of Crescent's counsel, which I have reviewed in detail and find to be consistent with the hourly rates charged by local firms

for similar work, total $39,201.50. *See Arbor Hill Concerned Citizens Neighborhood Assn. v. County of Albany*, 493 F.3d 110 (2d Cir. 2007).

Michigan Vacuum is also statutorily entitled to an award of prejudgment interest on the primary (non-trebled) damage award. *See e.g.*, *Underwater Devices, Inc. v. Morrison-Knudsen Co., Inc.*, 717 F.2d 1380, 1389 (Fed. Cir. 1983). Because the evidence suggests that Michigan Vacuum's infringement began in or before June 2007, Crescent is awarded prejudgment interest on its primary damages award from July 1, 2007, at the local statutory rate of 9% per annum. *See Oiness v. Walgreen Co.*, 88 F.3d 1025 (Fed. Cir. 1996). *See also* N.Y. C.P.L.R. §§5002, 5004.

Crescent has also requested a permanent injunction, barring Michigan Vacuum from producing and selling the infringing tank. 35 U.S.C. §283 provides that, "[t]he several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. §283. Under "well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, LLC*, 126 S. Ct. 1837, 1839 (2006). To meet this burden:

> [a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.* (citations omitted).

As the Court noted clear in *eBay*, "[t]hese familiar principles apply with equal force to disputes arising under the Patent Act." *Id*.

Moreover, courts have held that monetary damages are not an adequate remedy against future infringement because "the principal value of a patent is its statutory right to exclude." *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 397 F. Supp. 2d 537, 546 (D. Del. 2005). In addition, public interest would not be disserved by the entry of a permanent injunction because "without the right to obtain an injunction, the right to exclude granted to the patentee would have only a fraction of the value it was intended to have, and would no longer be as great an incentive to engage in the toils of scientific and technological research." *Honeywell Int'l*, 397 F. Supp. 2d 537 at 547.

Applying these well-established principles to the well-pled allegations in Crescent's complaint, the Court finds that Crescent has satisfied the four-factor test necessary to warrant entry of a permanent injunction in this case. Accordingly, Michigan Vacuum is permanently enjoined from infringing on the '242 patent held by Denome and presently assigned to Crescent, in the manner and to the extent set forth below.

## CONCLUSION

Plaintiff's motion for default judgment (Dkt. #23) is granted, and default judgment is granted to Crescent against Michigan Vacuum on its sole cause of action, infringement of the '242 patent in violation of the patent laws of the United States, 35 U.S.C. §100 et seq. Crescent is therefore awarded lost profits in the amount of $5,000.00, which is trebled to $15,000.00, plus prejudgment interest on the initial amount, calculated at the rate of 9% per annum from July 1, 2007 of $1,289.59, and attorneys fees in the amount of $39,201.50, for a total of $55,491.09.

Crescent's request for permanent injunctive relief is also granted, and it is

ORDERED that, for the life of the '242 patent, defendant Michigan Vacuum Trucks, Inc. is enjoined from manufacturing, selling, or offering to sell any low profile sewage holding tank that infringes on U.S. Patent No. 6,598,242. Pursuant to this injunction, Michigan Vacuum Trucks, Inc. and each of its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with one or more of the foregoing who receive actual notice of this Order by personal service or otherwise are prohibited from: (1) individually making, selling or offering to make or sell any infringing low profile transportable sewage holding tank, or any low profile transportable sewage holding tank that is not colorably different; (2) jointly making, selling or offering to make or sell any infringing low profile transportable sewage holding tank, or any low profile transportable sewage holding tank that is not colorably different; and (3) acting in concert with any third party, other than plaintiff Crescent Services, Inc. or a licensee thereof, to make, sell, or offer to make or sell any infringing low profile transportable sewage holding tank, or any low profile transportable sewage holding tank that is not colorably different; and the Court further

ORDERED that plaintiff Crescent Services, Inc. shall serve a copy of this Order on defendant Michigan Vacuum Trucks, Inc. at its last known address.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 12, 2010.